# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **JOEL CARTER and CATRINA CARTER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 20-2454-MSN-tmp |
| ) | |
| **21ST MORTGAGE CORP.,** ) | |
| ) | |
| Defendant. ) | |

_____

## REPORT AND RECOMMENDATION
_____

On June 23, 2020, plaintiffs Joel Carter and Catrina Carter filed a *pro se* complaint against 21st Mortgage Corp. and a motion for leave to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) On July 7, 2020, the undersigned entered an order directing plaintiffs to submit properly completed applications to proceed *in forma pauperis* or pay the $400 civil filing fee. (ECF No. 8.) Plaintiffs filed updated motions for leave to proceed *in forma pauperis* on August 5, 2020. (ECF Nos. 9 & 10.) The undersigned granted the motions for leave to proceed *in forma pauperis* on August 24, 2020. (ECF No. 11.) Accordingly, the court must

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

screen the complaint under 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

## I. PROPOSED FINDINGS OF FACT

Plaintiffs Joel Carter and Catrina Carter filed a *pro se* complaint against 21st Mortgage Corp. on June 23, 2020, seeking a temporary restraining order ("TRO") against 21st Mortgage Corp. regarding real property located at 1872 Netherwood Avenue, Memphis, Tennessee. (ECF No. 1, at 1.) Plaintiffs attribute fraudulent conduct to 21st Mortgage, alleging that the property in question was purchased with an incorrect property description upon the deed of trust in 2002. (Id.) Plaintiffs seek a TRO to stop a foreclosure sale set for July 9, 2020. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

**A. Section 1915 Screening**

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414

F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). While courts liberally construe *pro se* arguments, even *pro se* complaints must satisfy the plausibility standard. Barnett v. Luttrell, 414 F. App'x at 786; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id.

(quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.  Subject-Matter Jurisdiction**

As a preliminary matter, the court must address the issue of subject-matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Pursuant to Congressional grant of authority, a federal court may exercise jurisdiction over a claim in two situations: "(1) in civil actions between citizens of different states where the amount in controversy exceeds $75,000, called diversity jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treaties of the United States,' referred to as federal question jurisdiction." Funderwhite v. Local 55, United Ass'n, 702 F. App'x 308, 311 (6th Cir. 2017) (citing 28 U.S.C. §§ 1331-1332). Though there are other bases for federal jurisdiction, none are relevant here.

To satisfy the requirements for diversity jurisdiction, the complaint would need to allege that the defendant is a citizen

of a different state than the Carters and that more than $75,000 is in controversy. The Carters have alleged neither. The complaint does not specify the citizenship of the defendant, as is required. See Novick v. Frank, No. 16-1489, 2017 U.S. App. LEXIS 22059, 2017 WL 4863168, at *1 (6th Cir. June 6, 2017). The complaint lists only an address for the plaintiffs and an address for the defendant, both of which are in Tennessee. The complaint also does not allege damages in any amount. Because of these deficiencies, the complaint does not satisfy the requirements of diversity jurisdiction.

The complaint does not satisfy the requirements for federal question jurisdiction. The complaint pertains to a disputed piece of real property located in Tennessee and fraudulent conduct attributed to 21st Mortgage. The allegations in the complaint do not present any federal cause of action, and the Carters have not asserted that 21st Mortgage has violated any right they have under a federal statute or the Constitution. As a result, the Carters have not alleged a basis for federal question jurisdiction. Accordingly, it is recommended that the complaint be dismissed for lack of subject-matter jurisdiction.

### III. RECOMMENDATION

Based on the foregoing analysis, the court recommends that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

August 24, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**