IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

JOEL CARTER and
CATRINA CARTER,

    Plaintiffs,

v.                                                            Case No. 2:20-cv-2454-MSN-tmp

21ST MORTGAGE CORP.,

    Defendant.
_____

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C § 1915**
_____

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("**Report**"). (ECF No. 12.) The Report recommends that Plaintiffs' Complaint be dismissed pursuant to 28 U.S.C. § 1915 for lack of subject matter jurisdiction. Plaintiffs timely filed objections to the Report on September 8, 2020. (ECF No. 13.) For the reasons set forth below, Plaintiffs' objections are **OVERRULED**. The Report is **ADOPTED**, and Plaintiffs' Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION**

As set forth in the Report, federal courts are courts of limited jurisdiction, and as such,

> a federal court may exercise jurisdiction over a claim in two situations: "(1) in civil actions between citizens of different states where the amount in controversy exceeds $75,000, called diversity jurisdiction; and (2) in civil actions 'arising under the Constitution, laws, or treatises of the United States,' referred to as federal question jurisdiction." *Funderwhite v. Local 55, United Ass'n*, 702 F. App'x 308, 311 (6th Cir. 2017) (citing 28 U.S.C. §§ 1331-1332).

(ECF No. 12 at PageID 37.)

The Report notes that the Complaint fails to allege the citizenship of Defendant and does not allege damages in any amount. The Report states that the Complaint lists addresses for Plaintiffs and Defendant, both of which are in Tennessee. Therefore, the Report concludes the Complaint does not satisfy the requirements of diversity jurisdiction.

Additionally, the Report finds that the Complaint pertains to a disputed piece of real property located in Tennessee and fraudulent conduct committed by Defendant. However, Plaintiffs do not allege that Defendant violated any specific right under a federal statute or the Constitution, and therefore, there is no basis for federal question jurisdiction.

Plaintiffs objections fail to address to the deficiencies noted in the Report as to subject matter jurisdiction. Plaintiffs objections state that they are pursuing a claim for $250,000, remedying the lack of damages in their Complaint, but diversity jurisdiction is lacking because there is still no basis for this Court to conclude that the parties are citizens of different states. In fact, in the second paragraph of their objections, Plaintiffs seem to allege that Defendant is a citizen of Tennessee. If Defendant is a citizen of Tennessee, diversity jurisdiction is lacking because Plaintiffs appear to be citizens of Tennessee. Therefore, Plaintiffs objections do not overcome the Report's conclusions on diversity jurisdiction.

Plaintiffs objections also fail to satisfy the requirements of federal question jurisdiction. Plaintiffs objections vaguely assert that "[m]ortgage notes are suppose[d] to be governed by Federal and State law," but they do not cite any federal laws, and they reference only Title 47 of the Tennessee Code, i.e. state law.  They also assert "[c]onstitutional rights has been violated all over the board," but do not specify what constitutional rights have been violated or how.  Finally, they state "[w]e have a heading called the RICO ACT AND A ESTABLISHED ENTERPRISE THAT HAS TO STOP," but do not explain what this means or how it is related to their allegations. Plaintiffs vague and conclusory objections are not enough to establish federal question jurisdiction.

Therefore, because Plaintiffs offer no basis to reject the Report's conclusion regarding subject matter jurisdiction, their objections are **OVERRULED**.

## APPELLATE ISSUES

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith.  The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  The same considerations that lead this Court to dismiss Plaintiffs' Complaint *sua sponte* also compel this Court to conclude that an appeal by Plaintiffs would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiffs in this matter would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, Plaintiffs' objections are **OVERRULED**.  The Report is **ADOPTED**, and Plaintiffs' Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**, this 9th day of September 2020.

                                                *s/ Mark S. Norris*
                                                MARK S. NORRIS
                                                UNITED STATES DISTRICT JUDGE